UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

CHRISTOPHER A. HENRY,

                                Plaintiff,

                      -v-

C.O. MILLER, C.O. JOSEPH GRASSO, and
C.O. LORENZO COLANGELO,

                              Defendants.

11 Civ. 1273 (PAE) (HBP)

OPINION & ORDER

------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On February 17, 2011, *pro se* plaintiff Christopher Henry brought this action under 42 U.S.C. § 1983, alleging that several correctional officers at Rikers Island physically assaulted and injured him. Currently pending is defendants' motion to dismiss for lack of prosecution, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Dkt. 135.[1] The motion follows a year-long saga in which Henry repeatedly failed to appear for his deposition, disregarding Court orders that warned him that a continued failure to appear would result in a dismissal of his complaint, with prejudice. *See* Dkt. 166 at 1–3 (summarizing plaintiff's intransigence). Before the Court is the September 9, 2019 Report and Recommendation of the Hon. Henry B. Pitman, United States Magistrate Judge, recommending that the Court dismiss Henry's complaint, with prejudice. Dkt. 166 ("Report"). The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts this recommendation.

---

[1] The motion was initially denied, without prejudice, Dkt. 143, at the recommendation of Judge Pitman, Dkt. 141, but renewed via letter motion, Dkt. 165, after plaintiff continued to fail to prosecute his case, in blatant disregard of Court orders.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

On September 9, 2019, Judge Pitman issued the Report, making clear that objections were due within 14 days. Report at 7. On October 3, 2019, well past the deadline for objections, the Court received a letter from Henry requesting an extension. Dkt. 169. Despite Henry's tardiness and long history of dilatory conduct in this litigation, the Court granted, *nunc pro tunc*, an extension to October 30, 2019. Dkt. 170. On November 8, 2019, the Court received a letter from Henry requesting an additional two-month extension. Dkt. 171. Also on November 8, 2019, the Court—having closely reviewed both the Report and the record in this case relating to Henry's repeated failures to prosecute and Judge Pitman's repeated attempts to induce better behavior—denied Henry's second request for an extension. Dkt. 172. The extended October 30, 2019 deadline has thus passed without the filing of any objections.

As no party has submitted timely objections to the Report, review for clear error is appropriate. Careful review of Judge Pitman's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "failure to object within fourteen (14) days will result in a waiver of

objections and will preclude appellate review," Report at 7, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss for failure to prosecute. The Court respectfully directs the Clerk of Court to mail a copy of this decision to plaintiff at the address on file and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: November 8, 2019
      New York, New York