UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                                   :

CHRISTOPHER A. HENRY,                                  :

                                                 Plaintiff,       :          11 Civ. 1273 (PAE) (SLC)
                                -v-                                     :
                                                                               :                ORDER

C.O. MILLER, C.O. JOSEPH GRASSO, and     :
C.O. LORENZO COLANGELO,
                                                                                :

                                                Defendants.  :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       On February 17, 2011, *pro se* plaintiff Christopher Henry brought this action under 42 U.S.C. § 1983, alleging that several correctional officers at Rikers Island physically assaulted and injured him.  On May 7, 2019, defendants moved to dismiss for Henry's failure to prosecute, Dkt. 157, following a year-long saga in which Henry repeatedly failed to appear for his deposition, disregarding Court orders that warned him that a continued failure to appear would result in a dismissal of his complaint, with prejudice.  *See* Dkts. 154–55 (orders to appear for deposition); 166 at 1–3 (summarizing Henry's intransigence); *see also* Dkt. 142 at 4–9 (describing Henry's years of previous non-compliance with discovery requests and Court orders in this litigation, defendants' prior motions to dismiss for failure to prosecute, which the Court denied, and the lesser sanctions that had been imposed on Henry to that point).

       On September 9, 2019, the Honorable Henry B. Pitman, Magistrate Judge, issued a Report and Recommendation, which recommended dismissing Henry's action, with prejudice. Dkt. 166 (the "Report").  Henry was given until September 23, 2019 to file his objections to the Report.  *Id.* at 7.  Despite Henry's missing this deadline, on October 4, 2019, the Court nevertheless granted Henry an extension of time, until October 30, 2019, to file his objections.

Dkt. 170.  Henry failed to file his objections, and instead, on November 8, 2019, requested an additional two-month extension of time to file his objections.  Dkt. 171.  The Court denied Henry's untimely request, noting that "[h]aving seen the limited fruits borne of granting Henry second chance after second chance in the context of his failure to appear, the Court denies Henry's request for an additional extension as futile, untimely, and prejudicial to defendants, who have been kept in a costly limbo in this matter for far too long."  Dkt. 172 (citation omitted).  That same day, the Court issued an Opinion and Order, Dkt. 173 ("Op."), adopting the Report and terminating this case.

On November 13, 2019, the Court received Henry's letter informing the Court of his new address and purporting to raise objections to the Report.  Dkts. 175, 177.  On November 14, 2019, the Court issued an order analyzing and rejecting Henry's purported objections.  Dkt. 176.  The Court noted that the untimely objections "simply repeat [Henry's] argument, which Judge Pitman twice rejected, that defendants [had] provided him with insufficient notice of his deposition.  Thus, even had the objections been timely filed, the Court would have reviewed the Report for clear error.  And, there is no clear error on the face of the Report and the record in this case."  *Id.* (citations omitted).

On November 27, 2019, Henry filed a letter asking the Court to reconsider its Opinion and Order and reopen the case.  Dkt. 178.  Repeating arguments previously made before this Court and Judge Pitman, Henry argued (i) that his non-compliance was not willful, because he had not received adequate notice of his deposition, and (ii) that a less severe sanction than dismissal would have been adequate, in part because the Court had underestimated the funds available to Henry.[1]  *Id.* at 1–3.  On December 11, 2019, defendants filed a letter in opposition to

---

[1] Henry is proceeding *in forma pauperis*.  Dkts. 4–5.

Henry's motion to reconsider, Dkt. 179, and proof of service of that letter on Henry, by mail to Bellevue Hospital Prison Ward and to Henry's Brooklyn, New York address.  Dkt. 180.[2]  On February 2, 2020, Henry filed a letter in further support of his motion for reconsideration, again arguing that he could afford to pay a daily fine due to his receipt, in July 2018, of a $550,000 judgment, and thus the Court should have imposed such a fine, rather than dismissing his case. Dkt. 185.

The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also* S.D.N.Y. Local Rule 6.3 (requiring the movant to "set[ ] forth concisely the matters or controlling decisions which counsel believe the court has overlooked").  Reconsideration must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."  *Nieves v. New York City Police Dep't*, 716 F. Supp. 2d 299, 303 (S.D.N.Y. 2010) (citation omitted); *see Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012) ("Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality

---

[2] On January 3, 2020, the Court received a letter from Henry, protesting that defendants had not also mailed their opposition to Rikers Island.  Dkt. 181.  On January 14, 2020, defendants filed a letter in response, explaining that Henry was no longer in custody on Rikers Island as of December 11, 2019, that Henry was in custody at Bellevue Hospital Prison Ward at that time, that Henry briefly had been transferred to Rikers Island after defendants filed their proof of service, and that, on January 8, 2020, Henry was transferred into state custody at Mid-Hudson Forensic Psychiatric Center.  Dkt. 183.  On February 7, 2020, Henry confirmed that his new address was at the Mid-Hudson Forensic Psychiatric Center.  Dkt. 185.  To the extent any confusion arose from this set of transfers and potentially missed mailings, the Court does not regard this incident as prejudicial to either party, as defendants re-served all relevant docket entries to Henry's new address, Dkt. 184, and Henry replied to defendants' opposition, Dkt. 185.

and conservation of scarce judicial resources." (internal quotation marks and citation omitted)). A motion for reconsideration "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Assoc. Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). Rather, reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

Henry's motion for reconsideration falls far short of this strict standard.

Henry's first ground—that his non-compliance was not willful because he did not receive proper notice of the scheduled depositions—merely repeats the argument rejected by both Judge Pitman and this Court, *see* Dkts. 166, 173, without pointing to any intervening change in law, new evidence or clear error or manifest injustice resulting from the Court's decision. In any event, the factual record remains clear that Henry's non-compliance was willful, and Henry did receive proper notice of his scheduled depositions repeatedly over the course of a year.

Henry's second ground introduces a new fact—Henry's July 2018 award of a $550,000 judgment—but fares no better. First, the instant motion is not "an opportunity for making new arguments that could have been previously advanced." *Assoc. Press*, 395 F. Supp. 2d at 19. The fact, if true, of Henry's receipt of a judgment, which would improve his ability to pay a daily fine as a lesser coercive sanction, was known to Henry long before defendants moved to dismiss in this case, and Henry had ample opportunity to make his present argument in defending against

4

the motion to dismiss.  Second, the efficacy of lesser sanctions—*i.e.*, Henry's ability to pay a fine—was a minor factor considered by the Court in dismissing the instant matter.  *See* Dkts. 166, 173.  Far more salient were the willfulness of the Henry's non-compliance, the duration of the non-compliance, and the repeated warnings Henry had received about the consequences of continued non-compliance.  Dkt. 166.  These factors alone—on the extreme record of intransigence in this case—justified dismissal, regardless of Henry's ability to pay a fine.

Accordingly, the Court denies Henry's motion for reconsideration.  As the Court has previously explained:  "This case remains closed. . . .  Henry's failure to file timely his objections operates as a waiver of appellate review."  Dkt. 176 at 2 (citing Op. at 3; *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citation omitted)).

The Clerk of Court is respectfully directed to close the motion pending at docket 178, and to mail this order to plaintiff at the addresses on file.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 5, 2020
       New York, New York