UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER A. HENRY,

                      Plaintiff,

           -v-

C.O. MILLER, C.O. JOSEPH GRASSO,
and C.O. LORENZO COLANGELO

                      Defendants.

11 Civ. 1273 (PAE) (SLC)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On November 8, 2019, this Court adopted the Report and Recommendation of the Hon. Henry B. Pitman, which recommended dismissing *pro se* plaintiff Christopher Henry's claims with prejudice, after Henry willfully failed to appear for his deposition. Dkt. 173. Following this decision, Henry filed untimely objections to Judge Pitman's Report, which reprised earlier arguments that defendants provided him with insufficient notice of his deposition—arguments that Judge Pitman had rejected on multiple occasions. Dkt. 175. On November 14, 2019, even though these objections were untimely, "for the avoidance of doubt," this Court reviewed and rejected them, and held that the case remains closed. Dkt. 176 ("First Reconsideration Order") at 1.

Later that month, Henry sought reconsideration of that order, Dkt. 178, and in February 2020 he supplemented that motion with another letter seeking reconsideration and to reopen his case, Dkt. 185. Henry again argued in these letters that he had not received adequate notice of his deposition, and also contended that the Court should have considered less coercive sanctions than dismissal. Dkts. 178, 185. On May 5, 2020, the Court rejected each of these arguments, holding that they did not satisfy the "strict" standard governing motions for reconsideration. Dkt. 188 ("Second Reconsideration Order") at 4.

Now, Henry again seeks reconsideration of the Court's prior orders, and an order reopening the case and ordering discovery. Dkt. 189 ("Pl. Ltr."). In support, he first argues that the reason he failed to timely file his objections to Judge Pitman's Report is that he did not receive it for several weeks after it issued. *Id.* at 1. Second, he argues that he was detained in a cell by various correctional officers for long stretches of time, allegedly at the behest of defense counsel, thereby excusing his failure to prosecute this action.[1] *Id.* at 2–3. Finally, he argues that lesser sanctions than dismissal should have been applied to his case. *Id.* at 3. Defendants have responded, stating that Henry's new letter articulates no basis for reopening the case and denying Henry's allegations that defense counsel has directed any detention of Henry. Dkt. 190.

As the Court has now repeatedly explained, the standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also* S.D.N.Y. Local Rule 6.3 (requiring the movant to "set[] forth concisely the matters or controlling decisions which counsel believe the court has overlooked"). Reconsideration must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Nieves v. N.Y.C. Police Dep't*, 716 F. Supp. 2d 299, 303 (S.D.N.Y. 2010) (citation omitted). A motion for reconsideration "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*,

---

[1] Henry's letter is not clear regarding exactly when he was allegedly detained, and is therefore unclear whether he claims that this detention excuses his initial failure to appear for his deposition or his untimely objections to Judge Pitman's Report. For the avoidance of doubt, the Court considers these allegations in connection with both circumstances.

395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). Rather, reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

Henry has not met this high bar. First, his allegation that he was delayed in receiving Judge Pitman's Report, even if true, is immaterial. The Court's order on Henry's objections to that Report was clear that, notwithstanding their untimeliness, the Court addressed and rejected those objections on the merits.[2] *See* First Reconsideration Order at 1–2.

Second, his argument regarding the availability of discovery sanctions short of dismissal is plainly an attempt "to obtain a second bite at the apple." *Goonan*, 2013 WL 1386933, at *2. The Court previously considered and rejected this argument in its May 5, 2020 order. *See* Second Reconsideration Order at 4–5.

Third, as to Henry's claims that he was detained by certain correctional officers, the Court first disregards Henry's apparently baseless accusation that defense counsel was in any way involved in these events. Nor do these allegations provide any basis to reopen this case. The instant motion is not "an opportunity for making new arguments that could have been previously advanced." *Associated Press*, 395 F. Supp. 2d at 19. To the extent that these

---

[2] The Court did rule, in its order dismissing this case, that Henry's "failure to object operates as a waiver of appellate review," Dkt. 173, and confirmed this ruling after he filed his untimely objections, First Reconsideration Order at 2 ("Henry's failure to file timely his objections operates as a waiver of appellate review."). As far as the Court can tell, Henry has not sought reconsideration of that holding, and the Court does not readdress it here.

allegations relate to Henry's failure to appear at his deposition, they conflict with previous reasons he has given—*i.e.*, deficient notice—and he has provided no reason why he did not raise them in his earlier objections and motions. Further, insofar as they relate to Henry's failure to timely object to Judge Pitman's Report, the Court has already determined that this fact is immaterial, as the untimeliness of those objections was not the basis for the Court's rejecting them. Finally, to the extent that Henry alleges that this detention independently violates any law, such claims are not properly brought in this terminated action.

Accordingly, the Court denies Henry's motion for reconsideration. This case remains closed.

The Clerk of Court is respectfully directed to close the motion pending at docket 189 and mail this order to plaintiff at the addresses on file.

SO ORDERED.

                                                                Paul A. Engelmayer
                                                                United States District Judge

Dated: August 24, 2020
       New York, New York